IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

KEVIN BARTHOLOMEW,

    Petitioner,          No. CIV S-10-0073 WBS GGH P

    vs.

GARY SWARTHOUT,

    Respondent.        FINDINGS & RECOMMENDATIONS

                                 /

        Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner challenges the 2008 decision by the California Board of Parole Hearings (BPH) finding him unsuitable for parole. Petitioner raises the following as grounds: Claim 1) BPH finding that the commitment offense of first degree murder showed callousness or a disregard for suffering was arbitrary and capricious; Claims 2) & 5) & 6) the Fourteenth Amendment and Cal. Penal Code § 3041 establish a protected liberty interest in parole and the denial violated due process and equal protection by failing to apply the standard that BPH shall normally set a release date; Claims 3) & 4) BPH illegally denied petitioner parole in 2008 due to the nature and gravity of the offense when parole had been denied two prior times on that basis (in 2001 and 2008) and for receiving a disciplinary report in 2007 for possession of contraband marijuana in prison where there has never been evidence of petitioner posing a

1

danger or threat to public safety; Claims 7) & 9) BPH parole denial was ambiguous and confusing because it was not based on some evidence and no evidence shows petitioner currently poses an unreasonable risk to public safety; Claim 8) BPH denial violated petitioner's due process rights by relying on hearsay statements in the 2005 BPH report and the 1985 probation report. Petition, pp. 4-12, 26-34.

On January 28, 2011, the undersigned ordered both parties to provide briefing regarding the recent United States Supreme Court decision that found that the Ninth Circuit erred in commanding a federal review of the state's application of state law in applying the "some evidence" standard in the parole eligibility habeas context. Swarthout v. Cooke, ___ U.S. ___, 131 S. Ct. 859, 861 (2011).[1] Petitioner was granted an extension of time, by order filed on March 4, 2011.

The parties timely filed briefing, yet for the reasons set forth in the prior order, and notwithstanding petitioner's argument, it appears there is no federal due process requirement for a "some evidence" review, thus the federal courts are precluded from a review of the state court's application of its "some evidence" standard.[2] A review of the petition in this case demonstrates that it is essentially based entirely on alleged violation of California's "some evidence" requirement.

Petitioner has provided a copy of the BPH subsequent parole consideration hearing at issue in this action which demonstrates that therein petitioner was "allowed an

---

[1] The earlier citation in the prior order was to Swarthout v. Cooke, [___] U.S. ___, ___ S. Ct. ___, 2011 WL 197627 *2 (Jan. 24, 2011)

[2] The court notes some perversity in the result here. Loss of good-time credits, even for a day, pursuant to decision at a prison disciplinary hearing, must be supported by "some evidence." Superintendent v. Hill, 472 U.S. 445, 455, 105 S.Ct. 2768 (1985). Assignment to administrative segregation requires the same "some evidence" before such an assignment can be justified. Bruce v. Ylst, 351 F.3d 1283, 1288 (9th Cir.2003). However, a denial of parole eligibility after sometimes decades in prison, and where another opportunity for parole can be delayed for as long as fifteen more years, requires no such protection from the federal due process standpoint. Nevertheless, such is the state of the law.

opportunity to be heard" and "provided a statement of the reasons why parole was denied." Swarthout, at 862; see Exhibit to Petition, pp. 45-155[3]; Amended Declaration (Docket # 27), BPH Hearing Transcript, Ex. A, pp. 8-121.

In addition to his supplemental briefing, petitioner filed an amended declaration wherein he points to two places in the hearing transcript where he asserts it demonstrates that he was not permitted to complete his statements: a point at which he had been asked to describe how he felt about what he had done (with respect to the commitment offense), when while attempting to explain, he was overcome with shortness of breath due to asthma and emotion. Docket # 27, p. 3, citing p. 25. The record indicates that petitioner made a full response before the parole commissioner allowed petitioner to take a break to catch his breath. Petitioner also contends that he was not able to make a closing statement at pp. 93, [99-]101, regarding why he felt he was suitable for parole; however, the record shows that petitioner made a lengthy and apparently complete statement in that regard. In addition, petitioner answered questions throughout. According to the Supreme Court, the Constitution does not require more than his having been provided an opportunity to be heard and provided a statement of reasons for the parole denial, which the record unequivocally demonstrates that he received. Petitioner's reference to earlier parole denials is simply not relevant. Therefore, the petition should be denied.

Petitioner has preemptively filed a motion for a certificate of appealability. Before petitioner can appeal a decision, a certificate of appealability must issue. 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

A certificate of appealability may issue under 28 U.S.C. § 2253 "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The court must either issue a certificate of appealability indicating which issues

---

[3] The court references the electronic pagination.

3

1  satisfy the required showing or must state the reasons why such a certificate should not issue.

2  Fed. R. App. P. 22(b).  For the reasons set forth above, this court will recommend denial of a

3  certificate of appealability, should these findings and recommendations be adopted.

4          Accordingly, IT IS HEREBY RECOMMENDED that:

5          1.  The petition be denied.

6          2.  That a certificate of appealability not issue in this action, should these findings

7  and recommendations be adopted, for the reasons set forth within the findings and

8  recommendations.

9          These findings and recommendations are submitted to the United States District

10  Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen

11  days after being served with these findings and recommendations, any party may file written

12  objections with the court and serve a copy on all parties.  Such a document should be captioned

13  "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections

14  shall be served and filed within fourteen days after service of the objections.  The parties are

15  advised that failure to file objections within the specified time may waive the right to appeal the

16  District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

17  DATED: July 22, 2011        /s/ Gregory G. Hollows

18          _____
           GREGORY G. HOLLOWS
           UNITED STATES MAGISTRATE JUDGE

20  GGH:009
21  bart0073.fr